UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **JIMMY ANTHONY COX, SR.** <br> **# 097909440,** | ) <br> ) <br> ) |
| Plaintiff, | )    No. 3:25-cv-00917 <br> ) |
| v. | ) <br> ) |
| **MIKE VAN DYKE, Robertson County** <br> **Sheriff,** *et al.*, | ) <br> ) <br> ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Jimmy Anthony Cox, Sr., a pretrial detainee in the custody of the Robertson County Sheriff's Office in Springfield, Tennessee, has filed a pro se Complaint pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. (Doc. No. 1). He also has filed multiple Applications for Leave to Proceed In Forma Pauperis ("IFP Application") (Doc. Nos. 2, 8, 13, 24), two Motions to Appoint Counsel (Doc. Nos. 3, 15), Request for Removal (Doc. No. 12), "Motion Request for Federal Agent/Judge" (Doc. No. 14), two Motions for a Temporary Restraining Order ("TRO") (Doc. Nos. 18, 21), Request to Add Claim/Evidence (Doc. No. 20), Motion to Add New Names/New Defendants/New Claims (Doc. No. 22), along with other documents (Doc. Nos. 9, 10, 17, 19, 23, 25). The Court must first resolve the matter of the filing fee.

### I. FILING FEE

Plaintiff previously informed the Court that he had been unable to obtain the required certified inmate account statement in support of his IFP Application. The Court granted Plaintiff an extension of time to do so. (Doc. No. 16).

1

Plaintiff now has provided a signed Certificate of Prisoner Institutional/Trust Fund Account Activity but states that jail officials still refuse to provide him with a "print-out" of his transactions over the past six months, which is also required by statute. According to Plaintiff, Major f/n/u Arnold has told Plaintiff there will be "no more print out[s]." (See Doc. Nos. 24 at 3, 24-2 at 1).

Plaintiff has provided written documentation of the date he requested the print-out, to whom he requested the print-out, and the response of the person to whom Plaintiff requested it. (See Doc. No. 24-2 at 1). Under these specific circumstances,[1] the Court finds that Plaintiff has made a good faith effort to obtain the required document. He should not be prevented from pursuing this lawsuit as a pauper simply because jail officials refuse to cooperate. Neither should his case be delayed for months due to jail officials' unwillingness to provide the required materials. Thus, the Court will proceed with a review of Plaintiff's IFP Application[2] as submitted.

Under the Prisoner Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Given Plaintiff's representations under penalty of perjury (see Doc. No. 24 at 2) and the signed Certificate of Prisoner Institutional/Trust Fund Account Activity (see id. at 3), the

---

[1] See Laron V. Cole v. Judge D. Gay, No. 3:24-cv-1178 (granting pauper status to the prisoner-plaintiff even without a certified statement after he provided documentation of his multiple unsuccessful attempts to obtain a certified statement); Miles v. Dickson Cnty. Sheriff's Office, No. 3:23-cv-00259, 2023 WL 3168585, at *1 (M.D. Tenn. Apr. 28, 2023) (granting IFP Application when plaintiff documented multiple unsuccessful attempts to obtain trust fund account statement from jail officials).

[2] Plaintiff has submitted multiple IFP Applications. The Court will review the latest submitted application. (See Doc. No. 24).

Court finds that Plaintiff lacks sufficient financial resources from which to pay the full filing fee in advance. Therefore, his IFP Application (Doc. No. 24) is **GRANTED**.[3]

Under § 1915(b), Plaintiff nonetheless remains responsible for paying the full filing fee. The obligation to pay the fee accrues at the time the case is filed, but the PLRA provides prisoner-plaintiffs the opportunity to make a "down payment" of a partial filing fee and to pay the remainder in installments. Accordingly, Plaintiff is hereby assessed the full civil filing fee of $350, to be paid as follows:

(1) The custodian of Plaintiff's inmate trust fund account at the institution where he now resides is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of – (a) the average monthly deposits to Plaintiff's account; or (b) the average monthly balance in Plaintiff's account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1).

(2) After the initial filing fee is fully paid, the trust fund officer must withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. Such payments must continue until the entire filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

(3) Each time the trust account officer makes a payment to this court as required by this Order, he or she must print a copy of the prisoner's account statement showing all activity in the account since the last payment made in accordance with this Order and submit it to the Clerk along with the payment. All submissions to the Court must clearly identify Plaintiff's name and the case

---

[3] If at any time during this litigation the Court determines that Plaintiff provided inaccurate information on his IFP Application, the Court may rescind his pauper status and require the outstanding balance of the filing fee to be paid in one payment immediately.

number as indicated on the first page of this Order, and must be mailed to: Clerk, United States District Court, Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

The Clerk of Court is **DIRECTED** send a copy of this Order to the administrator of inmate trust fund accounts at Roberton County State Holding to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust fund account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance.

Plaintiff's earlier-filed IFP Applications (Doc. Nos. 2, 8, 13) are **DENIED AS MOOT**.

## II. MOTIONS TO APPOINT COUNSEL

Next, Plaintiff has filed two Motions to Appoint Counsel. (Doc. Nos. 3, 15). The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." Lassiter v. Dep't of Social Servs., 452 U.S. 18, 25 (1981). Thus, unlike in criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. Willett v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), aff'd, 595 F.2d 1227 (6th Cir. 1979); see Williamson v. Autorama, Inc., No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing Willett favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993).

In support of his request for the appointment of counsel, Plaintiff states that his financial circumstances prevent him from being able to hire an attorney. (Doc. No. 3 at 1). This is typical for most pro se plaintiffs. At this time, the Court finds that Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel. Thus, his Motions to Appoint

Counsel (Doc. Nos. 3, 15) are **DENIED WITHOUT PREJUDICE**. Plaintiff may renew his request for counsel later, if appropriate.

In the second Motion to Appoint Counsel, Plaintiff asks for "two 1983 packets of prisoner complaint forms" and "two inmate trust fund account forms . . . .", the latter of which refers to a Certificate of Prisoner Institutional/Trust Fund Account Activity. (Doc. No. 15 at 1). The Clerk is **DIRECTED** to mail these forms to Plaintiff. Plaintiff also asks for forms to assist him in pursuing cases filed in Sullivan and Robertson counties. Such forms must be obtained from those courts as this Court is a federal court and does not provide forms specific to county courts.

### III. TRO MOTIONS

Next, Plaintiff has filed two Motions for a Temporary Restraining Order ("TRO") (Doc. Nos. 18, 21). In the first TRO motion, he asks the Court to "seize" certain evidence that Plaintiff believes prove corruption, a "cover up", and "serial killings." (Doc. No. 18 at 1). In the second TRO motion, he asks the Court for "immediate transport to Judge Crenshaw's court to present confidential evidence . . . ." (Doc. No. 21 at 1).

A TRO movant must comply with specific procedural requirements. First, "any request for a TRO" must be made by written motion "separate from the complaint." M.D. Tenn. L.R. 65.01(a). Second, because the movant bears the burden of justifying preliminary injunctive relief on the merits, Kentucky v. U.S. ex rel. Hagel, 759 F.3d 588, 600 (6th Cir. 2014), a TRO motion must be accompanied by a memorandum of law. M.D. Tenn. L.R. 65.01(b). Third, the motion for a TRO must be supported, at a minimum, by "an affidavit or a verified complaint." Fed. R. Civ. P. 65(b)(1)(A); M.D. Tenn. L.R. 65.01(b) (explaining that a motion for a TRO "must be accompanied by a separately filed affidavit or verified written complaint"). Finally, the moving party must certify in writing "any efforts made to give notice and why it should not be required." Fed. R. Civ.

P. 65(b)(1)(B); see also M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties).

Here, even if the Court liberally construes Plaintiff's voluminous filings to comply with the other procedural requirements, Plaintiff's TRO motions do not describe any efforts he made to give notice to Defendants and why it should not be required. Even though Plaintiff is proceeding pro se, he must follow the notice requirement. See M.D. Tenn. L.R. 65.01(c) (requiring "strict compliance" with this notice provision by pro se moving parties). Thus, Plaintiff has not placed specific facts before the Court in a manner allowing it to fairly evaluate the TRO motions on the merits. The motions therefore are **DENIED WITHOUT PREJUDICE**.

## IV. MISCELLANEOUS MOTIONS AND FILINGS

In both his Request for Removal (Doc. No. 12) and "Motion Request for Federal Agent/Judge" (Doc. No. 14), Plaintiff asks to be removed from "the hole . . . to go in front of Judge Crenshaw." (Doc. No. 12 at 1-2). Plaintiff states that he "could have them record/take me to show them the item from servel [sic] murders and more[.] I've got the proff [sic] in evidence that needs to be seized as well as where victim's item and family airloom [sic] are at." (Id. at 2).

Plaintiff's case will proceed in the usual manner. To the extent Plaintiff's motions request emergency relief, the motions do not comply with the rules for seeking a temporary restraining order and thus cannot be considered as such. Plaintiff's motions (Doc. Nos. 12 and 14) are **DENIED WITHOUT PREJUDICE**.

With respect to Doc. Nos. 9 (Supplement), 10 (Letter), 17 (Notice), and 25 (Notice), Plaintiff is advised that he cannot litigate this action or any action in this Court by way of supplements, notices, and/or letters to the Court. Even though Plaintiff is proceeding pro se and the Court will take into consideration his pro se status when evaluating pleadings and pending

motions, Plaintiff still is required to comply with the rules governing this case. These rules exist to ensure fairness to all parties. If Plaintiff wishes for the Court to consider arguments and evidence, he must raise them by way of timely and properly filed motions such as a motion to amend the complaint. See Wilson v. United States, No. 3:18-CV-00735, 2021 WL 1088178, at *8 (M.D. Tenn. Mar. 22, 2021) (quoting Gould v. California Dep't of Corr. & Rehab., No. 19-CV-00015-HSG, 2019 WL 2059660, at *3 (N.D. Cal. May 9, 2019)) (finding petitioner's supplement a "nullity" because petitioner did not cite any authority for his ability to unilaterally add new claims in separate filings; "litigants may not plead their claims 'in a piecemeal fashion by filing separate documents that are intended to be read together,' but must file a single pleading 'that is complete within itself.'")).

Moving on, in Plaintiff's Request to Add Claim/Evidence (Doc. No. 20) and Motion to Add New Names/New Defendants/New Claims (Doc. No. 22), Plaintiff indicates his desire to amend the Complaint. Plaintiff's motions are **GRANTED** insofar as the Court **GRANTS** Plaintiff a period of 30 days from the date of entry of this Memorandum Opinion and Order to submit an Amended Complaint, if he so desires, to raise allegations pertaining to the circumstances he describes in his supplement, notices, motions, and "Final Pleading."[4] (Doc. No. 23). Plaintiff should take note that Local Rule 15.01(b) requires amended pleadings to state the entirety of the pleadings with amendments incorporated. In other words, an amended complaint must contain all claims and defendants the plaintiff wishes to include; the Court will not piece together claims and defendants from multiple documents to assemble an amended complaint.

---

[4] If Plaintiff wishes the Court to consider his "Final Pleading" (Doc. No. 23) as his Amended Complaint, Plaintiff need not submit anything further and, upon the conclusion of the 30-day period, the Court will presume such.

7

After the conclusion of that 30-day period, the Court will conduct the required screening of the Complaint (or Amended Complaint, if filed) as required by PLRA, at which time the Court will consider whether any portion of the Complaint (or Amended Complaint) fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Plaintiff's allegations will be assumed true for purposes of the required PLRA screening.

    IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE